

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0070-15

### DONALD LYNN RAMSEY, A.K.A. DONALD LYNN RAMSAY, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### SWISHER COUNTY

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

While I agree with the majority opinion that there was sufficient evidence of Appellant's intent to harm or defraud another, I believe that evidence was insufficient to prove that Appellant had intent to harm or defraud Jimmie E. Owens, as was charged. Owens Motor Machine was the entity that was defrauded, but the State did not charge Appellant with defrauding the business. Therefore, I would affirm the judgment of the court of appeals–but based on different reasoning.

Under section 32.21 of the Texas Penal Code, forgery is a class A misdemeanor. However, when the forged instrument is a check, the offense increases to a state-jail felony. *Id*. at 32.21(d). Further, when the forgery is committed against "an elderly individual," it is then increased to the next higher category of offense. *Id*. at 32.21(e-1). In Appellant's case, because he was alleged to have committed forgery of a check against a person over the age of 65, the offense was a third-degree felony.

The evidence in this case showed that Appellant appropriated a check from the account of Owens Motor Machine, wrote it out to himself, signed the name of one of the signatories on the business account, and then passed it to be cashed at the nearby liquor store. I agree with the majority that, under the correct *Jackson* analysis, this evidence would have been sufficient to prove each element of forgery, if the offense had been charged correctly. However, the check in this case was written from the account of Owens Motor Machine, not from Jimmie Owens' personal account, and Jimmie Owens and Owens Motor Machine are two separate entities.[1] Thus, the evidence was insufficient to prove that Appellant had any intent to harm or defraud Jimmie Owens the individual. It was only sufficient to prove he

---

[1]It was error for the trial court to allow in evidence indicating that the forgery was committed against the separate entity of Owens Motor Machine. There was no indication from the indictment that the evidence would show anything other than Jimmie Owens having been personally defrauded. How was one supposed to interpret that the forgery offense was committed against an entity that Jimmie Owens simply had an interest in? Defense counsel should have objected to any evidence indicating that this forgery was committed against a business interest of Jimmie Owens. It seems apparent that the State disingenuously crafted the indictment in the way it did in order to be able to add on the elderly-victim enhancement, which is not applicable when the victim is a business.

intended to defraud the business, Owens Motor Machine. However, he was not charged with defrauding Owens Motor Machine, and therefore, I would hold the evidence to be insufficient to uphold Appellant's forgery conviction.

Further, even if the forgery conviction were to be upheld, Appellant should then receive a new punishment hearing. The enhancement provision of the forgery statute that Appellant was punished under applies when the victim of the forgery is a person over the age of 65. This provision was enacted in order to protect elderly individuals, not the business entities that they have an interest in. Appellant committed forgery against a business interest rather than an individual's personal account, and therefore, his acts do not meet the requirement that the forgery be committed against an elderly individual, and his offense should not have been enhanced.[2] While I believe the conviction should not be upheld at all, at the very least Appellant should receive a new punishment hearing based on a conviction of a state-jail felony, rather than a third-degree felony.

I would affirm the court of appeals' judgment finding the evidence insufficient but as to the element of intending to harm or defraud Jimmie E. Owens, rather than the element of Appellant's knowledge the check was forged. Therefore, I respectfully dissent.

Meyers, J.

Filed: October 28, 2015

---

[2]Allowing the elderly-victim enhancement in this type of situation means that any person who commits forgery against a business would be subject to this enhancement if the victim-business has an owner over the age of 65.

Publish